MEMORANDUM OPINION AND ORDER
 

 FITZWATER, District Judge.
 

 This is an action to recover against two attorneys, and one attorney’s professional corporation, on theories of fraud, abuse of process, conspiracy, and negligent misrepresentation for allegedly-collusive conduct that enabled the plaintiffs in a state-court wrongful death suit to maintain venue in a favorable forum. The court concludes that plaintiffs claims are barred as a matter of law, because each one arises out of conduct undertaken as part of the defendant-attorneys’ duties in representing parties to a lawsuit to which plaintiff was also a party. Accordingly, defendants’ motions for summary judgment are granted, and the actions against them are dismissed.
 

 I
 

 Plaintiff Taco Bell Corp. (“Taco Bell”) sues defendants John R.W. Cracken, Esq. (“Cracken”), Cracken’s professional corporation, John Robert William Cracken, P.C. (“Cracken, P.C.”), Douglas H. Parks, Esq. (“Parks”), and Jerome Green (“Green”), in connection with their conduct in a Texas state-court wrongful death lawsuit,
 
 Deborah R.V. Fraga, et al. v. American Sec. Prods. Co. & Jerome Green,
 
 No. 14,967 (229th Judicial District, Duval County, Tex.) (the “Fraga Suit”). According to Taco Bell’s amended complaint, “Taco Bell seeks to recover actual and punitive damages for the injuries it suffered as a result of defendants’ wrongful manipulation of the judicial system for their own improper gain ... by collusively placing and maintaining venue of a wrongful death lawsuit against Taco Bell in Duval County, Texas.” Am. Compl. at ¶ 1.
 

 The Fraga Suit was a negligence action to recover for the wrongful deaths of four persons whom Green and another individual murdered during the course of an armed robbery at a Taco Bell restaurant located in Irving, Texas, a city located within Dallas County, Texas. The plaintiffs in the Fraga Suit (the “Fraga Plaintiffs”) were survivors of the murder victims. Named as defendants were American Security Products Company (“American Security”), the design
 
 *530
 
 er and manufacturer of the restaurant wall safe, and Green. The Fraga Plaintiffs did not sue Taco Bell initially.
 

 The Fraga Plaintiffs retained Cracken to represent them. Prior to filing suit, Cracken requested that Parks, who had been Green’s court-appointed criminal defense counsel, represent Green in the contemplated wrongful death action. Cracken agreed to compensate Parks at the rate of $150 per hour for representing Green, and sent Parks the sum of $1,500 as a retainer.
 

 Cracken thereafter filed the Fraga Suit in Duval County, Texas, which is located several hundred miles from the murder scene. Duval County was perceived to be a “plaintiff’s venue” during the relevant time period. The. county’s jurors reputedly were disposed toward deciding personal injury or wrongful death claims in favor of plaintiffs, and the county was well-known for its large damages awards. Attorneys and others in the legal community viewed cases pending in Duval County as having a higher settlement value based on a higher probability of a large recovery at trial. Duval County was considered a far more favorable forum for plaintiffs than was Dallas County.
 

 At the time the suit was filed, Green was incarcerated at a Texas state penal institution located in Anderson County, Texas,
 
 [1]
 
 also located several hundred miles from Duval County. Prior to his imprisonment, Green had lived in Dallas County, but had never even been to Duval County. The petition in the Fraga Suit, however, alleged on information and belief that Green was a resident of Duval County.
 

 In response to the Fraga Plaintiffs’ petition, Green filed a general denial without objecting to venue, thus waiving his right to seek a transfer of venue. On Green’s behalf, Parks also filed at the same time responses to the Fraga Plaintiffs’ requests for admissions, in which Green admitted that he had chosen Duval County as his residence.
 

 American Security — whose counsel Crack-en was not paying — was not so compliant. It filed a motion to transfer venue of the case to Dallas County. The Fraga Plaintiffs opposed the motion on the basis of Green’s admission of his Duval County residence. Taco Bell, which had not yet been joined as a defendant, reviewed American Security’s motion and advised it that the motion was defective, because it failed to challenge venue facts regarding defendant Green. In addition, Taco Bell requested that American Security not set the venue hearing until after the statute of limitations had run, so that if Taco Bell were joined in the suit, it could participate in the venue challenge.
 

 Prior to the originally-scheduled venue hearing, the Fraga Plaintiffs and American Security entered into a “high-low” settlement agreement, which limited American Security’s potential liability to the sum of $250,000. The agreement provided that American Security could continue to pursue its motion to transfer venue, but that it would consent to the Fraga Plaintiffs’ discovery schedule and trial setting. Because the $250,000 payment was contingent upon the Fraga Plaintiffs’ obtaining a judgment, American Security remained a party to the litigation.
 

 The state district judge denied the motion to transfer. Within minutes of the ruling, Cracken filed an amended petition that named Taco Bell as a defendant.
 

 Taco Bell moved to vacate the state court’s denial of the venue motion, and moved to transfer venue. Under Texas law, once venue had been established, no subsequently-added defendant could challenge the determination. At the hearing, counsel for Green and for American Security stated that neither had stipulated with the Fraga Plaintiffs that venue would be fixed in Duval County. Cracken also advised the judge that he had not entered into any stipulation with anyone to establish venue there. The state court judge denied Taco Bell’s motion.
 

 Taco Bell thereafter removed the case to the United States District Court for the Southern District of Texas, alleging that Green (who was not a diverse citizen from
 
 *531
 
 the Fraga Plaintiffs) had been fraudulently joined, and that his citizenship should be disregarded. Taco Bell also filed the instant suit against Cracken, Parks, and Green. American Security refused to join in the removal, contending that to do so would violate certain of the terms of the settlement agreement. Following mediation, Taco Bell settled the Fraga Suit for the sum of $8.25 million.
 

 Taco Bell now seeks damages against defendants Cracken, Parks, and Green on the basis of claims for fraud, abuse of process, and conspiracy, and sues defendant Cracken, P.C. for negligent misrepresentation. It contends it has incurred damages in the form of attorney’s fees and other costs “to investigate and expose the defendants’ conduct and in an attempt to reverse the effects of their misrepresentations, conspiracy, venue fraud and abuse of the legal process.” P.Resp. at 13. Defendants Cracken, Cracken, P.C., and Parks move for summary judgment.
 
 [2]
 
 Taco Bell has responded to Parks’ motion in tandem with the motion filed by defendants Cracken and Cracken, P.C.
 
 See
 
 P.Resp. at 2 n. 2.
 

 II
 

 The court need only reach defendants’ contention that under Texas law, they cannot be held liable for wrongful litigation conduct, and therefore are entitled to judgment as a matter of law.
 

 A
 

 This court’s jurisdiction is invoked on the basis of diversity of citizenship. As an Erie
 
 [3]
 
 tribunal, the court applies the law as would a Texas court. Federal courts in
 
 Erie
 
 cases apply existing law or predict what the state’s supreme court will do. They do not enlarge state law on their own initiative.
 
 See City Pub.Serv.Bd. v. General Elec. Co.,
 
 947 F.2d 747, 748 (5th Cir.1991) (opinion denying rehearing) (it is not for court, fine-bound to apply state law as state courts would do, to incorporate innovative theories of recovery into Texas law).
 

 Where there is no definite decision of the state’s highest tribunal, the court will look to decisions of the state’s intermediate appellate courts. A decision of the Texas court of appeals is controlling on questions of state law absent a strong indication that the Supreme Court of Texas would decide the question differently.
 
 Allstate Ins. Co. v. Shelby,
 
 672 F.Supp. 956, 958 (N.D.Tex.1987) (citing
 
 Mott v. Mitsubishi Int’l Corp.,
 
 636 F.2d 1073, 1074 (5th Cir.1981)). “A federal court sitting in diversity is bound to follow decisions of the state’s intermediate appellate courts unless it is ‘convinced by other persuasive data that the highest court of the state would decide otherwise.’ ”
 
 Exxon Co., U.S. A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas,
 
 889 F.2d 674, 676 (5th Cir.1989) (quoting
 
 West v. AT & T,
 
 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)) (footnote omitted),
 
 cert. denied,
 
 496 U.S. 943, 110 S.Ct. 3230, 110 L.Ed.2d 676 (1990). “There is, therefore, a working presumption that state intermediate appellate court decisions represent accurate statements of state law.”
 
 Id.
 

 B
 

 In
 
 Bradt v. West,
 
 892 S.W.2d 56 (Tex.App. 1994, writ denied), an attorney and his professional corporation sued numerous defendants — including opposing attorneys — for conduct that resulted in the attorney’s being held in contempt during the trial of a prior lawsuit.
 
 Id.
 
 at 60, 65.
 
 [4]
 
 The plaintiffs alleged claims for conspiracy to maliciously prosecute, malicious prosecution, intentional infliction of emotional distress, tortious interfer
 
 *532
 
 ence with contractual relations, and liability under the Texas Tort Claims Act.
 
 Id.
 
 at 65. The defendants moved successfully for summary judgment, and the court of appeals affirmed.
 
 Id.
 
 at 65, 76. The attorney-defendants contended the plaintiffs had no right as a matter of law to recover for the attorneys’ conduct in the underlying lawsuit.
 
 Id.
 
 at 71. The appellate court agreed. It held, in relevant part, that
 

 an attorney does not have a right of recovery,
 
 under any cause of action,
 
 against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party.
 

 Id.
 
 at 71-72 (emphasis added). The court reasoned that an attorney’s knowledge that he may be sued by the other side’s attorney would favor tentative rather than zealous representation of the client, which is contrary to professional ideals and public expectations.
 
 Id.
 
 at 72. Because such a policy “would dilute the vigor with which Texas attorneys represent their clients,” it would “not be in the best interests of justice.”
 
 Id.
 
 The law provides sanctions in the form of procedural rules and statutory remedies for an attorney’s miscreant conduct; it does not confer a cause of action upon the opposing attorney.
 
 See id.
 

 The Texas rule “focuses on the kind of conduct engaged in, not on whether the conduct was meritorious in the context of the underlying lawsuit.”
 
 Id.
 
 Therefore, the dis-positive question is whether the attorney’s conduct was part of the discharge of his duties in representing a party in a lawsuit.
 
 See id.
 
 Even meritless conduct is not actionable when it comes “in the discharge of [the attorney’s] duties in representing a party in a lawsuit.”
 
 Id.
 
 at 74. Under Texas law,
 

 An attorney has no right of recovery, under any cause of action, against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party.
 

 Id.
 
 at 76.
 

 Although
 
 Bradt
 
 addresses the liability
 
 vel non
 
 of one attorney to an opposing
 
 attorney
 
 in the same lawsuit, its reasoning applies with at least equal force to the liability of an attorney to the opposing
 
 party.
 
 The knowledge of an attorney for one party that he may be sued by the other party would exacerbate the risk of tentative representation to at least the same degree as would knowledge that opposing counsel could sue him. And it arguably could have a greater chilling effect, since a lawyer may reasonably think it more likely that a private party, rather than a fellow professional, would seek to retaliate in this manner. The court therefore predicts that Texas would apply the principles of
 
 Bradt
 
 to bar claims by one party against the opposing party’s attorney.
 
 Cf. Martin v. Trevino,
 
 578 S.W.2d 763, 771 (Tex.Civ.App.1978, writ refd n.r.e.) (noting that cases generally hold that attorney for one party is exempt from liability to a party other than his client for damages resulting from the performance of services that the attorney engages in and that require the office, professional training, skill, and authority of an attorney).
 

 Taco Bell’s claims all rest on the premise that defendants manipulated the judicial system, and engaged in tortious conduct, for the purpose of obtaining venue in a particular forum.
 
 See
 
 Am.Compl. at ¶¶ 40 (complaining of representations made concerning Green’s residence and propriety of venue in Duval County, and those giving appearance of adversity between the Fraga Plaintiffs and Green); 47 (defendants made illegal, improper, or perverted use of legal process); 51 (defendants committed wrongful acts so as improperly to place and maintain venue in Duval County); & 58 (Craeken, P.C. made misrepresentations to guide Taco Bell). Taco Bell states in its brief that it seeks
 
 inter alia
 
 “to reverse the effects of [defendants’] misrepresentations, conspiracy, venue fraud and abuse of the legal process.” P.Resp. at 13. It is therefore clear that Taco Bell — a party to a state-court lawsuit — is seeking to hold defendants liable for acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit. Because, under Texas law, it is the
 
 kind
 
 — not the
 
 nature
 
 — of conduct that
 
 *533
 
 is controlling, Taco Bell's claims must be dismissed.
 

 Nor would it avail Taco Bell to assert that because defendants engaged in fraud and civil conspiracy, such acts cannot be classified as proper conduct for a lawyer representing a client. In
 
 Bradt
 
 the court affirmed a summary judgment that dismissed claims of a similar nature, rejecting the proposition that they did not address protected conduct.
 
 See Bradt,
 
 892 S.W.2d at 65, 76 (holding claims for conspiracy to maliciously prosecute, malicious prosecution, intentional infliction of emotional distress, tortious interference with contractual relations, liability under the Texas Tort Claims Act, and abuse of process were barred as a matter of law).
 

 Accordingly, the court holds that Taco Bell cannot recover against defendants on theories of fraud, abuse of process, conspiracy, and negligent misrepresentation for conduct of the type in question.
 
 [5]
 

 Ill
 

 In its response, Taco Bell requests that the court grant Fed.R.CivJP. 56(f) relief.
 
 See
 
 P.Resp. at 30 n. 24. In view of the basis on which the court has granted summary judgment, the court denies this request.
 

 * * * * * *
 

 The court grants defendants’ motion for summary judgment. A Rule 54(b) final judgment in favor of defendants Cracken, Crack-en, P.C., and Parks is filed today.
 

 SO ORDERED.
 

 [1]
 

 . Pursuant to a plea bargain, Green entered a plea of guilty and was sentenced to four concurrent 50-year terms of imprisonment.
 

 [2]
 

 . The motions that the court decides today are amended motions for summary judgment. These amended motions supersede original motions, which are denied as moot. Defendant Green has not moved for summary judgment.
 

 [3]
 

 .
 
 Erie R.R. Co. v. Tompkins,
 
 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188(1938).
 

 [4]
 

 . In
 
 Bradt
 
 the Texas Supreme Court denied an application for writ of error. This means the court was "not satisfied that the opinion of the court of appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal, or which is of such importance to the jurisprudence of the State as to require correction.” Tex.R.App.P. 133(a).
 

 [5]
 

 . In view of this determination, Taco Bell's March 19, 1996 motion for leave to file Rule 56(e) supplemental opposition is granted, and defendants' December 19, 1995 motion to strike summary judgment evidence is denied as moot.