Maurice McCAMPBELL, Plaintiff,

v.

**KPMG PEAT MARWICK,
et al., Defendants.**

No. 3–96–CV–3136–H.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 2, 1997.

446

Maurice McCampbell, Houston, TX, pro se.

Kevin W. Vice, Sifford & Anderson, Dallas, TX, for Smith and Moore.

Floyd F. Honea, II, Winstead, Sechrest & Minick, Dallas, TX, for Greenbrier Operating Co.

Jay J. Madrid, Madrid & Brooks, Dallas, TX, for Ronald Cox.

---

*MEMORANDUM OPINION AND ORDER*

KAPLAN, United States Magistrate Judge.

Defendant Smith & Moore, L.L.P. has filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The motion has been referred to United States Magistrate Judge Jeff Kaplan for determination pursuant to 28 U.S.C. § 636(b).

## BACKGROUND

Plaintiff Maurice McCampbell was injured in a water skiing accident at a company picnic. He sued his employer and others to recover damages sustained as a result of the accident. The law firm of Smith & Moore represented defendant Ronald K. Cox in the personal injury action. The case settled after mediation for $8,421.00. Apparently dissatisfied with the results, plaintiff sought a bill of review to set aside the settlement. Cox was served with the bill of review petition but did not answer. A default judgment was entered against him. Cox filed a motion for new trial supported by an affidavit from his attorney. The motion was granted and the default judgment was set aside. The bill of review was ultimately denied.

On February 26, 1996, plaintiff filed a *pro se* lawsuit in state court against the same defendants, their attorneys, and several other entities. He asserted claims for invasion of privacy, intentional infliction of emotional distress, tortious interference with employment and receipt of unemployment compensation, breach of fiduciary duty, and RICO violations. (Second Amended Petition at 3). Defendants removed the case to federal court and promptly filed dispositive motions.[1] The district judge granted summary judgment in favor of the defendants on the RICO claim. He also declined to exercise supplemental jurisdiction over the remaining claims and dismissed them without prejudice. *McCampbell v. KPMG Peat Marwick*, 1997 WL 311521 at *3 (N.D.Tex., May 30, 1997).

Defendant Smith & Moore now wants plaintiff sanctioned for filing a frivolous law-

---

1. Defendants removed the case to the Southern District of Texas because the state court action was pending in Harris County. The case was subsequently transferred to the Northern District of Texas.

suit. Defendant seeks two types of relief: (1) reimbursement of attorney's fees and expenses incurred in defending this action; and (2) a permanent injunction to prohibit future litigation arising out of the same set of facts. An evidentiary hearing was held on July 3, 1997. Plaintiff was ordered to appear in court at that time "to show cause why sanctions should not be imposed." SHOW CAUSE ORDER, 6/17/97. Plaintiff failed to appear but did file a response to the motion.[2] The Court has considered the pleadings, evidence, and arguments presented by the parties. For the reasons stated herein, the motion is denied.

## APPLICABLE LAW

■ The purpose of Rule 11 sanctions is to deter the filing of groundless or frivolous lawsuits. FED.R.CIV.P. 11 (advisory committee notes); *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 877 (5th Cir.1988). All pleadings, motions, and other papers must comply with the rule. FED.R.CIV.P. 11(a). The signature of an attorney or unrepresented party on a document filed with the court constitutes a certification that: (1) he has conducted a reasonable inquiry into the facts which support the document; (2) he has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and (3) the modification is not interposed for the purposes of delay, harassment, or increasing the costs of litigation. *Childs v. State Farm Mutual Automobile Insurance Co.,* 29 F.3d 1018, 1024 (5th Cir. 1994); *Thomas,* 836 F.2d at 874. This is an objective, rather than subjective, standard of reasonableness. *Childs,* 29 F.3d at 1024; *United States v. Alexander,* 981 F.2d 250,

252 (5th Cir.1993). Good faith is not a defense. *Childs,* 29 F.3d at 1024; *Thomas,* 836 F.2d at 873.

■ The imposition of sanctions is discretionary under the current version of the rule. FED.R.CIV.P. 11(c). The Fifth Circuit has repeatedly admonished district courts to impose the "least severe sanction" adequate to deter future misconduct. *See Topalian v. Ehrman,* 3 F.3d 931, 938 (5th Cir.1993); *Akin v. Q–L Investments, Inc.,* 959 F.2d 521, 535 (5th Cir.1992). The range of appropriate sanctions depends on the unique circumstances of each case. *See Thomas,* 836 F.2d at 878.[3]

## DISCUSSION

Defendant contends that the claims asserted by plaintiff are frivolous because a litigant may not sue opposing counsel under any theory of recovery for "acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit." This was the holding in *Taco Bell Corp. v. Cracken,* 939 F.Supp. 528, 532 (N.D.Tex.1996) (Fitzwater, J.). Texas law is in accord. *See Bradt v. West,* 892 S.W.2d 56, 73 (Tex.App.—Houston, 1st Dist. 1994, writ denied); *Martin v. Trevino,* 578 S.W.2d 763, 771–72 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.). Defendant advised plaintiff of the *Taco Bell* decision on October 28, 1996, and asked him to dismiss his claims against the law firm. (Supplemental Motion, Ex. 1). This request was renewed on December 10, 1996. (Supplemental Motion, Ex. 2). Plaintiff did not acknowledge these letters and failed to take corrective action. Defendant then moved for sanctions under Rule 11.

■ It is clear that the claims against the defendant are not warranted by existing law

---

**2.** Plaintiff notified the Court shortly before the hearing that he did not have the financial resources to travel from Houston to Dallas.

**3.** The Court *sua sponte* notes that the pleading made the basis of this motion was filed in state court. Rule 11 does not apply to conduct that occurred in state court before removal. *See Griffen v.. City of Oklahoma City,* 3 F.3d 336, 339 (10th Cir.1993); *Foval v. First National Bank of Commerce,* 841 F.2d 126, 130 (5th Cir.1988). However, Rule 11 sanctions may be appropriate if a plaintiff is notified of the deficiency after the

case is removed and refuses to take corrective action. *Foval,* 841 F.2d at 130; *Gates v. State Farm General Insurance Co.,* 740 F.Supp. 1237, 1242–43 (S.D.Miss.1990), *aff'd,* 928 F.2d 401 (5th Cir.1991). Such is the case here. Defendant informed plaintiff three months after this case was removed that he did not have a valid claim under Texas law. Plaintiff was given an opportunity to voluntarily dismiss the defendant from this lawsuit but failed to do so. Therefore, the provisions of Rule 11 apply.

or the extension, modification, or reversal of existing law. However, this does not end the inquiry. The Court also must determine whether plaintiff made a "reasonable inquiry" into the law governing this case. In order to make this determination, the court should consider: (1) the time available to prepare the pleading; (2) the plausibility of the legal argument; (3) the *pro se* status of the litigant; and (4) the complexity of the legal and factual issues raised in the case. *Thomas*, 836 F.2d at 875–76.

Most of these factors militate against plaintiff. First, plaintiff had more than enough time to correct his defective pleading. Although *Taco Bell* was decided seven months after this lawsuit was filed, plaintiff seemingly ignored the case after it was sent to him by the defendant. He persisted in his efforts to prosecute these frivolous claims despite two separate demands to dismiss the law firm from this suit.

Second, plaintiff has failed to establish the plausibility of his legal arguments. He states only that "Smith & Moore has exceeded the scope of *Taco Bell* [because] they fabricated evidence and committed perjury directly." (Response at 1–2). These allegations are no different than those made against the lawyers in *Taco Bell*. In that case, opposing counsel was accused of misrepresentation, fraud, conspiracy, and abuse of legal process. *Taco Bell*, 939 F.Supp. at 532–33.[4] The court held that:

> It is clear that Taco Bell—a party to a state court lawsuit—is seeking to hold defendants liable for acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit. *Because, under Texas law, it is the kind—not the nature—of conduct that is controlling, Taco Bell's claims must be dismissed.*

*Taco Bell*, 939 F.Supp. at 532–33 (emphasis added). Here, defendant is charged with making false statements in an affidavit and a motion for new trial. (Second Amended Petition at 4). This is precisely the *kind* of fraud insufficient to support a cause of action under *Taco Bell* decision. Plaintiff makes no plausible argument distinguishing the two cases.

Third, the issues raised in this litigation are not particularly complex. The claims against defendant are based on events that occurred during a prior lawsuit. Plaintiff was intimately involved in that case. He recounts those events at length in his complaint and other pleadings. Plaintiff was fully aware of the facts made the basis of his claim against the defendant. He simply chose to ignore the applicable law which precludes his ability to maintain this suit.

■ The only factor that weighs in favor of plaintiff is his *pro se* status. A district court is vested with broad discretion to take account of "special circumstances" that often arise in *pro se* situations. FED.R.CIV.P. 11 (advisory committee notes). This Court recognizes that *pro se* litigants are "severely limited in [their] ability to make effective use of legal materials and apply the law to objective reality." *Pankey v. Webster*, 816 F.Supp. 553, 562 (W.D.Mo.1993). *See also Babigian v. Association of the Bar of the City of New York*, 144 F.R.D. 30, 33 (S.D.N.Y.1992) (*pro se* plaintiffs held to a lower standard of accountability with respect to conducting a reasonable inquiry into the legal basis for their claims). For that reason, *pro se* parties should be sanctioned "only after successive attempts to press a wholly frivolous claim." *Reinert v. O'Brien*, 805 F.Supp. 576, 579 (N.D.Ill.1992), citing *Ricketts v. Midwest National Bank*, 874 F.2d 1177, 1182 n. 4 (7th Cir.1989). *See also Goldgar v. Office of Administration*, 26 F.3d 32, 35–36 & n. 3 (5th Cir.1994), *cert. denied*, 513 U.S. 1079, 115 S.Ct. 728, 130 L.Ed.2d 632 (1995) (warning *pro se* litigant that he would be subject to monetary and other sanctions if he continued to file baseless complaints);

---

4. The attorney-defendant in *Taco Bell* was accused of hiring a lawyer to represent an adverse party in a civil suit for the express purpose of establishing venue in a favorable county. There was allegedly an agreement between the two lawyers to "fix" venue when there was no factual basis for doing so. Both attorneys falsely denied any such agreement in a hearing before the trial judge. The underlying case settled for $8.25 million after a motion to transfer venue was denied. The settling parties then sued opposing counsel and his collaborators for fraud, abuse of process, conspiracy, and misrepresentation. *Taco Bell*, 939 F.Supp. at 530–31.

*Saunders v.. Bush,* 15 F.3d 64, 68 (5th Cir.), *cert. denied,* 512 U.S. 1207, 114 S.Ct. 2678, 129 L.Ed.2d 813 (1994) (district court did not abuse its discretion in imposing monetary sanctions against *pro se* litigant after prior warning). There is no evidence that plaintiff abused the judicial process by filing multiple. frivolous suits.[5] Indeed, this appears to be the first and only lawsuit he has ever prosecuted in federal court. The Court therefore concludes that monetary sanctions and injunctive relief are not necessary or appropriate to deter this type of behavior in the future. A formal reprimand and stern warning are "sufficient to deter repetition of such conduct or comparable conduct by [plaintiff] and others similarly situated." FED.R.CIV.P. 11(c)(2); *see also Thomas,* 836 F.2d at 878.[6]

### CONCLUSION

Defendant's motion for monetary sanctions and injunctive relief is denied. Plaintiff Maurice McCampbell is hereby reprimanded for not conducting a reasonable inquiry into the legal basis for his claims against Smith & Moore. Plaintiff is warned that future litigation against Smith & Moore or any of its attorneys may result in the imposition of more severe sanctions by a state or federal court.

SO ORDERED.

---

[5]. Defendant argues that sanctions are appropriate because of the "harassing and vindictive motive" behind these frivolous claims. (Supplemental Motion at 8). Defendant relies on two letters from plaintiff to support its argument. The first letter was sent to Marc Clements and threatens to "continue the legal battle until hell freezes over, until I strip Ron [Cox] of his $300,-000 policy, either in cash or legal fees." The second letter was sent to Bill Heck and states that "I plan to continue the legal fight until I use up all $300,000 of Cox's coverage." Although defendant quotes at length from this correspondence, neither letter is attached as an exhibit to the motion for sanctions. Moreover, the threats allegedly made by plaintiff are directed to Cox—not his lawyers. There is no evidence that Smith & Moore was joined as a party to this suit "to harass or to cause unnecessary delay or needless

increase in the cost of litigation." FED.R.CIV.P. 11(b)(1).

[6]. Neither reimbursement of attorney's fees nor injunctive relief are appropriate sanctions in this case. First, the purpose of Rule 11 sanctions is deterrence, not compensation. *See* FED.R.CIV.P. 11 (advisory committee notes); *Elliott v. M/V Lois B.,* 980 F.2d 1001, 1007 (5th Cir.1993). Second, injunctions against filing future lawsuits without a prior warning are strongly disfavored. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993); *Moody v. Baker,* 857 F.2d 256, 258 (5th Cir.), *cert. denied,* 488 U.S. 985, 109 S.Ct. 540, 102 L.Ed.2d 570 (1988). The formal reprimand and stern warning given to plaintiff should be sufficient to advance the purposes of Rule 11.