**Rhonda Sue WESLEY, Plaintiff,**

v.

**DON STEIN BUICK, INC.,
et al., Defendants.**

**No. 97–2271–JWL.**

United States District Court,
D. Kansas,
Kansas City Division.

Nov. 30, 1998.

---

Larry D. Coleman, Larry Delano Coleman, P.C., Kansas City, MO, for plaintiff.

Rhonda Sue Wesley, Kansas City, MO, pro se.

James D. Conkright, Peter John Vanderwarker, Blackwell Sanders Peper Martin LLP, Overland Park, KS, Michael R. Santos, City of Overland Park, Legal Department, Overland Park, KS, Daniel B. Denk, Michael M. Shultz, McAnany, Van Cleave & Phillips, P.A., for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff, an attorney, appears pro se in this civil rights action. The particular allegations in this case, which are not pertinent to the resolution of the pending motion, are set forth in *Wesley v. Don Stein Buick, Inc.*, 985 F.Supp. 1288 (D.Kan.), *order vacated in part*, 996 F.Supp. 1299 (D.Kan.1998). On its own initiative on September 25, 1998, the court issued an order pursuant to Federal Rule of Civil Procedure 11(c)(1)(B) requiring the plaintiff to show cause why she should not be sanctioned for advancing a patently frivolous argument (Doc. 169). This matter is presently before the court on the parties' responses to the court's order to show cause (Docs. 185, 186, and 192). For the reasons set forth below, the court will impose sanctions against the plaintiff in an amount to be determined.

### I. Discussion

In the plaintiff's Federal Rule of Civil Procedure 26(a)(1)(c) computation of damages, she claimed she could collect wages and income lost in her pursuit of this case. She sought lost wages and income from the date of her alleged injury through the date she became a member of the bar at a rate of $65 per day, and thereafter at a rate of $150 per hour. The defendants moved to strike this claim for damages because the plaintiff was essentially claiming attorneys' fees, an improper claim under *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), in which the Supreme Court unanimously held that attorneys who appear pro se are not entitled to receive attorneys' fees under 42 U.S.C. § 1988 even if they litigate their claims successfully.

The plaintiff responded that her claim was allowable under common law as lost income. In addition, she insisted her claim for attorneys' fees pursuant to section 1988 was prop-

er. As support for her claim for section 1988 attorneys' fees, the plaintiff addressed the relevance of *Kay* only briefly, and relied instead on cases decided prior to *Kay* by the Courts of Appeals, district courts, and state courts.

The Overland Park defendants replied to the plaintiff's common law claim for lost income. They also replied to her claim for section 1988 attorneys' fees by pointing out that every case on which the plaintiff relied in her response was decided prior to *Kay*, and that *Kay* unequivocally resolved a prior split among lower federal courts. The Overland Park defendants requested that this court award costs and attorneys' fees related to their motion to strike because the plaintiff's response to the attorneys' fee issue was patently frivolous.

This court found both of the plaintiff's arguments to be without merit, and granted the defendants' motions to strike the plaintiff's claims for lost income and section 1988 attorneys' fees. *See Wesley v. Don Stein Buick, Inc.*, 1998 WL 709600, *1–*2 (D.Kan. Sept. 25, 1998). In addition, this court further noted the plaintiff's second argument for section 1988 attorneys' fees was "patently frivolous and without any basis in law because it is in direct contravention of a United States Supreme Court case of which the plaintiff had been given notice." *Id.* at *2. This court denied the Overland Park defendants' request for costs and attorneys' fees because it was procedurally improper, *see id.* (citing Fed.R.Civ.P. 11(c)(1)(A) which requires a motion for sanctions to be "separate from other motions or requests"), but issued an order on its own initiative, *see* Fed. R.Civ.P. 11(c)(1)(B), requiring the plaintiff to show cause why she should not be sanctioned for advancing her section 1988 attorneys' fees argument (Doc. 169).

## II. *Rule 11 Sanctions*

◼ The plaintiff argues that her reliance on pre-*Kay* cases from other jurisdictions is objectively reasonable because none of the cases on which she relies have been reversed. A person's actions must be objectively reasonable in order to avoid Rule 11 sanctions. *See Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988). A litigant's pro se status may be considered when determining whether to impose Rule 11 sanctions. *See* Fed.R.Civ.P. 11 advisory committee notes (1983 amendment) ("[T]he court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations"). *See, e.g., McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448 (N.D.Tex.1997) (recognizing that pro se litigants have limited ability to effectively use legal materials and to apply the law); *Segarra v. Messina*, 153 F.R.D. 22, 29 (N.D.N.Y. 1994) (holding a plaintiff who appeared pro se, but who was also an attorney, to the same objective standard as counsel representing a third party); *Farrell v. United States Tax Court*, 647 F.Supp. 944, 946 (D.Kan.1985) (considering the complexities of the Internal Revenue Code in deciding not to impose sanctions on a pro se litigant). The standard is one of objective reasonableness under the circumstances, *see Adamson*, 855 F.2d at 670, and this standard applies whether the person being sanctioned is a pro se litigant, an attorney, or both.

◼ Our legal system is premised on advocacy, and parties will inevitably advance losing arguments that do not necessarily warrant sanctions. It is, however, a basic tenet of practicing law that a recent, directly on-point case from the Supreme Court of the United States is controlling precedent that should not be lightly disregarded. *See United States v. Reid*, 911 F.2d 1456, 1459 n. 1 (10th Cir.1990) ("[T]he Supreme Court is the primary source of decisional law in our federal system. As inferior federal courts, both the court of appeals and the district court turn first to the decisions of the Supreme Court.") Such controlling precedent must be refuted, if at all, by advancing an objectively reasonable argument to extend, modify, or reverse the law. *See* Fed.R.Civ.P. 11(b)(2).

The plaintiff clearly acted unreasonably under the circumstances and Rule 11 sanctions are appropriate. The defendants pointed out that *Kay* exists and that the plaintiff's claim for section 1988 attorneys' fees directly contravened this controlling precedent. Under the circumstances, it would have been objectively reasonable for plaintiff, who as an

attorney duly admitted to practice law presumably has access to opinions of the Supreme Court of the United States, to have read the Supreme Court's opinion in *Kay* and to have understood that *Kay's* holding clearly forbids her claim for section 1988 attorneys' fees. If she believed the Supreme Court's result was incorrect, she then should have argued that *Kay's* holding should be extended, modified, or even reversed. Indeed, there is certainly value to preserving arguments for appeal. At a bare minimum, the plaintiff could have argued in good faith that *Kay* should be reversed, acknowledged that this court does not have the power to do so, and simply advised this court that she was preserving her section 1988 attorneys' fees claim for appeal. The plaintiff did not act objectively reasonably, however, when she disregarded *Kay* lightly in favor of prior cases from other jurisdictions, when she misrepresented to this court the Supreme Court's holding in *Kay,* or when she failed to acknowledge that *Kay* is controlling precedent that binds this court when determining whether to award section 1988 attorneys' fees to a pro se litigant who is also an attorney. The plaintiff's disregard and misrepresentation of this Supreme Court opinion caused the defendants to expend unnecessary time and effort to oppose not only a losing argument, but an utterly groundless one.

Furthermore, the plaintiff's disregard and misrepresentation of *Kay* was particularly unreasonable because she was previously advised by this court of her precise responsibilities pursuant to Rule 11 and the possibility of sanctions for failure to comply with this rule (Doc. 169) (citing *Wesley,* 985 F.Supp. at 1306 ("Plaintiff is also cautioned that she may be subject to monetary sanctions, including the payment of attorney fees for the defense of her claims, if her pleadings and other papers before this court do not conform with Fed.R.Civ.P. 11(b).")).

The court will impose sanctions in an amount yet to be determined because the plaintiff has failed to show cause why she should not be sanctioned for advancing a patently frivolous argument.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Overland Park de-

fendants provide an affidavit to the court no later than December 11, 1998, setting forth with particularity the time and corresponding hourly rates the Overland Park defendants spent replying to that portion of the plaintiff's response in which the plaintiff insisted that section 1988 attorneys' fees were proper.

**IT IS SO ORDERED.**