Dale E. MCCORMICK, Plaintiff,

v.

CITY OF LAWRENCE, KANSAS, et al., Defendant.

No. 02–2135–JWL.

United States District Court, D. Kansas.

Oct. 16, 2003.

Dale E McCormick, Lawrence, KS, pro se.

Curtis A Kastl, II, Lawrence, KS, for Plaintiff.

Gerald L. Cooley, Gilliland & Hayes, P.A., Lawrence, KS, Randall F. Larkin, M. J. Willoughby, Office of Attorney General, Topeka, KS, Stephen O. Phillips, Kansas Attorney General, Topeka, KS, for Defendant.

Robert B Coburn, Goddard, KS, pro se.

Merrily C Coburn, Goddard, KS, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This lawsuit involves claims brought pursuant to 42 U.S.C. § 1983 by pro se plaintiff Dale E. McCormick.[1] Plaintiff alleges that his constitutional rights were violated by the defendants, which include the City of Lawrence, Kansas, and Gil Crouse, James White, Leo Souders, Chris Mann, Ken Farrar, Mike Bym, Susan Hadl, and Sam Harvey, all of whom are police officers of the City of Lawrence (collectively, the "city defendants"), and M.J. Willoughby, who is a former assistant attorney general of the State of Kansas.[2]

This matter comes before the court on the city defendants' motion for sanctions (Doc.

---

[1] Curtis A. Kastl, II also intervened as a plaintiff in this case. As explained below, all of his claims have now been dismissed.

[2] Plaintiff also brought claims against: Gerard Little, the prosecutor of the City of Lawrence; Vince Casagrande, another police officer of the City of Lawrence; Christine Kenney, Douglas County's district attorney; Bradley Burke, an

211), as well as plaintiff's motion to review Magistrate Judge O'Hara's August 6, 2003, order (Doc. 217).[3] The court will deny both of these motions.

## THE CITY DEFENDANTS' MOTION FOR SANCTIONS

The city defendants move the court for an order sanctioning plaintiff and Curtis A. Kastl, II, who was formerly a plaintiff in this case. The city defendants seek sanctions pursuant to Fed.R.Civ.P. 11(c)(1)(A) and D. Kan. Rule 11.1(a)(2) because, they argue, plaintiff and Mr. Kastl needlessly increased the cost of this litigation by seeking leave to amend and to intervene, and then, after the court granted them the leave they had requested, abandoning those claims in this lawsuit only to assert them later in a separate lawsuit. For the reasons explained below, the court does not believe that sanctions are warranted.

### I. Background

On August 5, 2002, Mr. Kastl filed a motion seeking leave to intervene as a plaintiff in this case based on his involvement in an incident with plaintiff on July 13, 2002. On that same day, plaintiff also filed a motion to amend and add parties that, in relevant part, also sought to assert claims arising from the July 13 incident. The city defendants responded to both motions, arguing the proposed claims based on the July 13 incident should be brought by way of a separate lawsuit.

On September 6, 2002, Judge O'Hara issued a memorandum and order granting Mr. Kastl's motion to intervene and also granting plaintiff's motion to amend insofar as it related to the July 13 incident. However, the memorandum and order denied plaintiff

leave to amend his complaint in certain other respects—namely, it denied plaintiff leave to amend to assert an injunctive relief claim against Christine Kenney, Douglas County's district attorney, to attempt to enjoin Ms. Kenney from pursuing an alleged bad faith prosecution claim against plaintiff arising from the July 13 incident. Judge O'Hara directed Mr. Kastl to "serve the required pleading setting forth the claims for which his intervention is sought" and directed plaintiff to file and serve a revised second amended complaint.

Plaintiff subsequently filed a motion for review of Judge O'Hara's September 6 order. Among other things, he objected to Judge O'Hara's denial of his request for leave to amend his complaint to assert an injunctive relief claim against Ms. Kenney.

On September 24, 2002, Mr. Kastl filed his complaint. He served his complaint only on defendants Mr. Crouse and Ms. Hadl, both of whom were already parties to this lawsuit. He did not serve it on three other defendants named in his complaint who were not already parties to this lawsuit. Mr. Crouse and Ms. Hadl moved to dismiss Mr. Kastl's complaint pursuant to Fed.R.Civ.P. 12(b)(6). When Mr. Kastl did not timely respond to this motion to dismiss, the court ordered him to show cause why the motion should not be granted as uncontested. Mr. Kastl did not respond to the court's order to show cause, and thus the court dismissed his complaint as against Mr. Crouse and Ms. Hadl.

On January 17, 2003, the court issued a memorandum and order denying plaintiff's motion to review Judge O'Hara's September 6 order. The court once again ordered plaintiff to file and serve a revised second amended complaint consistent with Judge O'Hara's September 6 order. Plaintiff did not file and serve any such revised second amended complaint.

---

assistant district attorney of Douglas County; and David Harder and Shelly Welch, two agents in the consumer protection division of the Office of the Attorney General of Kansas. The court dismissed all of plaintiff's claims against those defendants. *See generally McCormick v. City of Lawrence,* 253 F.Supp.2d 1172 (D.Kan.2003).

3. . Plaintiff's pleading was actually styled "objections" to Judge O'Hara's order. The court will construe those objections as a motion to review the order in question pursuant to D. Kan. Rule 72.1.4(a).

On April 22, 2003, plaintiff and Mr. Kastl filed another lawsuit styled *McCormick v. City of Lawrence,* Case No. 03–2195–GTV. That lawsuit contains a variety of claims, some of which are virtually identical to those plaintiff and Mr. Kastl sought leave to assert in this lawsuit based on the July 13 incident.

On June 20, 2003, the court ordered Mr. Kastl to show cause why his complaint should not be dismissed without prejudice for failure to effect service of process on the three other defendants named in his complaint who were not previously parties to this lawsuit. Mr. Kastl responded that he was under the impression his claims became defective when plaintiff did not file his amended complaint because Mr. Kastl's claims were tied to the claims plaintiff was supposed to add to this case by virtue of his amended pleading. Mr. Kastl stated that he did not object to the court dismissing his claims without prejudice because he had filed a second lawsuit with claims identical to those he had sought to assert in this lawsuit. Therefore, the court dismissed Mr. Kastl's complaint without prejudice.

The city defendants now seek sanctions against plaintiff and Mr. Kastl, arguing they needlessly increased the cost of litigation in violation of Fed.R.Civ.P. 11(b)(1). The city defendants argue that if plaintiff and Mr. Kastl would have simply done what the city defendants argued they should have done in the first place—that is, file their claims arising from the July 13 incident by way of a separate lawsuit rather than attempting to add those claims to this lawsuit—the city defendants could have avoided various unnecessary costs. The city defendants seek their reasonable attorneys' fees associated with responding to plaintiff's motion to amend, responding to Mr. Kastl's motion to intervene, responding to plaintiff's motion to review Judge O'Hara's September 6 order, filing their Rule 12(b)(6) motion to dismiss Mr. Kastl's complaint, and filing and prosecuting this motion for sanctions.

## II. Legal Standard

■ Rule 11 of the Federal Rules of Civil Procedure is violated when an attorney or unrepresented party "present[s] to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper" for an improper purpose, such as to harass or needlessly increase the cost of litigation. Fed.R.Civ.P. 11(b)(1). A person's actions must be objectively reasonable in order to avoid sanctions under Rule 11. *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988). A litigant's pro se status may certainly be considered when determining whether to impose Rule 11 sanctions. Fed.R.Civ.P. 11 advisory committee's notes to the 1983 amendments ("[T]he court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations."). However, Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard." *Bus. Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 548, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Thus, the standard of objective reasonableness under the circumstances applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both. *Wesley v. Don Stein Buick, Inc.,* 184 F.R.D. 376, 378 (D.Kan.1998).

## III. Discussion

■ Plaintiff and Mr. Kastl explain that when the court denied plaintiff's motion to amend his complaint insofar as he sought leave to assert the injunctive relief claim against Ms. Kenney in an attempt to enjoin the Douglas County prosecution, the abstention doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), barred them from pursuing their claims arising from the July 13 incident while the Douglas County prosecution was still pending. They believed that if they asserted their claims arising from the July 13 incident in this lawsuit, those claims would be dismissed or stayed under *Heck* until the Douglas County prosecution ended. Therefore, they chose not to file their claims arising from that incident until the Douglas County prosecution ended. Once it did, they filed a separate lawsuit in which they assert-

ed their claims arising from the July 13 incident.

Under *Heck*, a claim for damages necessarily implying the invalidity of a conviction or sentence that has not previously been invalidated is not cognizable under § 1983. *Id.* at 487, 114 S.Ct. 2364. The Tenth Circuit has extended *Heck* to preclude § 1983 claims relating to pending criminal cases "when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir.1999). Those types of § 1983 claims do not arise until the pending state charges are dismissed. *Id.* The court is of the opinion that a pro se litigant could reasonably understand this line of authority to stand for the proposition that claims arising from the July 13 incident were barred until the pending state charges were dismissed. Plaintiff and Mr. Kastl abandoned their claims in this lawsuit arising from the July 13 incident either because they correctly understood the *Heck* doctrine or because they simply misunderstood the applicable law, which is not an uncommon mistake for pro se litigants. In any event, they at least advance a legitimate reason why they chose not to pursue those claims in this lawsuit. In light of their status as pro se litigants, the court finds this explanation to be objectively reasonable under the circumstances.

The city defendants also argue that plaintiff and Mr. Kastl knew their ability to assert their claims arising from the July 13 incident depended on their ability to seek an injunction prohibiting Ms. Kenney from pursuing the Douglas County prosecution, and that plaintiff knew from prior litigation experience that any such claim against Ms. Kenney would be barred under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Again, the court is of the opinion that the city defendants are expecting a bit much from plaintiff and Mr. Kastl in terms of their knowledge and comprehension of the law, given their status as pro se litigants.

In addition, the city defendants argue that Mr. Kastl has failed to explain his inactivity in the case. However, Mr. Kastl did explain in his response to one of the court's orders to show cause that he was under the impression his claims became defective when plaintiff did not file his amended complaint because Mr. Kastl's claims were tied to the claims plaintiff was supposed to add to this case by virtue of his amended pleading. Again, the court finds this explanation to be objectively reasonable under the circumstances given Mr. Kastl's status as a pro se litigant.

Lastly, the court wishes to observe that it appears the city defendants' motion for sanctions should be denied for procedural reasons. Rule 11 contains a "safe harbor" provision that prohibits a party from presenting a motion for sanctions to the court "unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R.Civ.P. 11(c)(1)(A); *see also AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528–29 (10th Cir. 1997) (holding compliance with the safe harbor provision is mandatory). Here, there is no evidence that the city defendants served plaintiff or Mr. Kastl with their motion for sanctions twenty-one days before filing it. The court will not rule on this issue because plaintiff and Mr. Kastl did not raise it in their response brief. However, it does appear the city defendants' motion for sanctions should also likely be denied because of this procedural defect. *See, e.g., Karara v. Czopek,* 89 F.3d 850 (10th Cir.1996) (unpublished table opinion), *text available at* No. 95–1361, 1996 WL 330260, at *2 (10th Cir. June 6, 1996) (reversing the district court's order imposing Rule 11 sanctions because the defendant conceded it did not comply with Rule 11's separate motion and twenty-one-day safe-harbor requirements); *Hughes v. SSI,* No. 02–2042–JWL, 2002 WL 922129, at *2 (D.Kan. Apr.18, 2002) (denying a motion for sanctions pursuant to Rule 11 solely because the moving parties failed to show they complied with the procedural requirements of Fed.R.Civ.P. 11(c)(1)(A), including the twenty-one-day safe-harbor require-

ment); *United Food & Commercial Workers Union Local No. 576 v. Four B Corp.,* 893 F.Supp. 980, 987 (D.Kan.1995) (denying a motion for sanctions pursuant to Rule 11 solely because the moving party failed to show it complied with the twenty-one-day safe-harbor requirement).

In sum, sanctions are not warranted in this case because the court is unpersuaded that plaintiff and Mr. Kastl violated Fed.R.Civ.P. 11(b)(1) by needlessly increasing the cost of this litigation. While the court recognizes their procedural choices may have caused a bit more work for the city defendants, the court cannot conclude that any arguable increase in cost was "needless" simply because plaintiff and Mr. Kastl made procedural choices that perhaps may not have been as efficient as those that might have been made by experienced, competent attorneys. Accordingly, the city defendants' motion for sanctions is denied.

## PLAINTIFF'S MOTION TO REVIEW MAGISTRATE JUDGE O'HARA'S AUGUST 6, 2003, ORDER

On April 25, 2003, Judge O'Hara entered an order staying all discovery and pretrial proceedings in this case until further order of the court. On June 24, 2003, plaintiff filed a motion asking the court to lift the stay. On August 6, 2003, Judge O'Hara entered an order denying plaintiff's motion for an order lifting the stay. Plaintiff has now filed a motion for review of Judge O'Hara's August 6 order. For the reasons explained below, plaintiff's motion is denied.

### I. Background

On February 24, 2003, plaintiff filed a motion to stay in this case. On April 25, 2003, Judge O'Hara entered an order granting plaintiff's motion and staying all discovery and pretrial proceedings until further order of the court. Judge O'Hara recognized that plaintiff and defendant Bradley Burke, an assistant district attorney of Douglas County, had both filed motions to reconsider the court's March 31, 2003, memorandum and

order, and that plaintiff had taken interlocutory appeals of several of the court's prior orders. In addition, it is worth noting that Ms. Willoughby had also taken an interlocutory appeal of the court's March 31 memorandum and order, which had denied Ms. Willoughby's motion to dismiss based on absolute or qualified immunity.

A few days later, on April 28, 2003, an order from the Tenth Circuit Court of Appeals was docketed in this case reflecting that plaintiff voluntarily dismissed his interlocutory appeal as moot. On June 11, 2003, the court issued a memorandum and order ruling on plaintiff and Mr. Burke's motions to reconsider. Thus, at this time, the procedural considerations underlying Judge O'Hara's original order staying discovery no longer existed.

On June 18, 2003, Mr. Burke also took an interlocutory appeal of the court's rulings regarding his claims of absolute or qualified immunity.

On June 27, 2003, plaintiff filed a motion requesting that the court lift the stay of discovery in this case because he had dismissed his interlocutory appeal with the Tenth Circuit. In response, Ms. Willoughby and Mr. Burke argued the stay should remain in place, at least as it pertained to them, because of their pending appeals regarding immunity issues. On August 6, 2003, Judge O'Hara denied plaintiff's motion to lift the stay, finding that "a stay of all pretrial proceedings in this case is still warranted."

Plaintiff has now filed a motion for review of Judge O'Hara's order denying plaintiff's motion to lift the stay. He argues: (1) the court should lift the stay to allow plaintiff to pursue his claims; and (2) alternatively, the court should bifurcate plaintiff's claims against defendants Ms. Willoughby and Mr. Burke and allow plaintiff to pursue discovery on his claims against the other defendants.

### II. Standard of Review

■ With respect to a magistrate judge's order relating to nondispositive pretrial mat-

ters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir.2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461–62 (10th Cir.1988)); 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

### III. Discussion

■ As explained above, Ms. Willoughby and Mr. Burke have taken interlocutory appeals of the court's rulings regarding their various claims of immunity. As such, it is well settled that discovery should not be allowed from these defendants until those threshold immunity questions are resolved. *Siegert v. Gilley,* 500 U.S. 226, 231–33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("One of the purposes of immunity ... is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir.1992). Therefore, Judge O'Hara's ruling denying plaintiff's motion to lift the stay was entirely appropriate, and indeed probably the only legally correct thing to do, with respect to Ms. Willoughby and Mr. Burke.

Further, courts have "broad discretion to control and place appropriate limits on discovery." *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D.Kan.1990); *see, e.g., Cole v. Ruidoso Mun. Schs.,* 43 F.3d 1373, 1386 (10th Cir.

1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court."). Here, Judge O'Hara appropriately declined to permit the other parties to proceed with discovery while Ms. Willoughby and Mr. Burke take their interlocutory appeals regarding the various immunity issues. It would indeed make little sense to bifurcate discovery into two phases—an initial phase involving everyone other than Ms. Willoughby and Mr. Burke, then a second phase involving only discovery with Ms. Willoughby and Mr. Burke. Many of the incidents upon which plaintiff's claims are based involved numerous defendants, and certainly it would be more efficient for the parties to conduct discovery surrounding each of those incidents collectively rather than in a piecemeal, segmented fashion. This is especially so with respect to discovery that needs to be taken by way of depositions. Thus, the court concurs with Judge O'Hara's decision to deny plaintiff's motion to lift the stay with respect to the remaining defendants. Bifurcating discovery would have been wholly inefficient.[4]

In sum, the court is unpersuaded that Judge O'Hara's order denying plaintiff's motion to lift the stay was clearly erroneous or contrary to law. Accordingly, plaintiff's motion for review of that order is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the city defendants' motion for sanctions (Doc. 211) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's motion for review of Judge O'Hara's August 6, 2003, order (Doc. 217) is denied.

---

4. The court further notes that it appears plaintiff waived his argument that the court should bifurcate discovery by failing to raise that argument before Judge O'Hara. *See Marshall v. Chater,* 75

F.3d 1421, 1426 (10th Cir.1996) (holding theories and issues raised for the first time in objections to the magistrate judge's decision are deemed waived).