United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40481
Summary Calendar
_____

ELENE T. GUTHRIE,

Plaintiff-Appellant,

versus

MARK ROGER BUCKLEY;
DIANA L. PORTER;
DIANA L. PORTER, P.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02 CV 297

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff Guthrie appeals the district court's decision to grant Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, we AFFIRM.

Guthrie sued Defendants Mark Buckley and Diane Porter, Buckley's attorney, for malicious prosecution.  Guthrie based the

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit on the actions of Defendants in a previous suit. In the previous suit, Buckley, represented by Porter, sued to enforce a child custody order. The motion included 19 criminal contempt-of-court counts demanding incarceration. The court granted Buckley's motion to enforce the child custody order, finding Guthrie in violation of various provisions of the order, but the court did not hold Guthrie in contempt of court.

Guthrie bases her malicious prosecution claim on the underlying court's refusal to find her in contempt. However, the controlling Texas law disallows her suit. Therefore, the district court properly granted the motion to dismiss.

Texas law holds that "an attorney does not have a right of recovery, under any cause of action, against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party."[1] To allow otherwise would "favor *tentative* representation, not the *zealous* representation that our profession rightly regards as an ideal and that the public has a right to expect."[2] This principle has been extended to suits by opposing parties against attorneys.[3] An

---

[1] *Bradt v. West*, 892 S.W.2d 56, 72-73 (Tex. App.--Houston [1st Dist.] 1994, writ denied).

[2] *Id.* at 73.

[3] *Taco Bell Corp. v. R.W. Cracken*, 939 F.Supp. 528, 532 (N.D. Tex. 1996) (holding that *Bradt*'s reasoning applies "with at least

attorney or an opposing party may seek sanctions for the opposition's allegedly meritless or malicious acts, "[b]ut the law does not provide a cause of action."[4]

Based on this law, the district court properly granted Defendants' Motion to Dismiss in relation to Porter. Porter's pleadings, which attempted to hold Guthrie in contempt of court, were acts within the discharge of her duties as an attorney. Accordingly, Guthrie has no cause of action based on Porter's actions.

Similarly, Texas law does not allow one party to sue an opposing party for an attorney's allegedly wrongful conduct.[5] To be liable for the attorney's conduct, a client must be "implicated in some way other than merely having entrusted his legal representation to the attorney."[6] This rule recognizes that most clients are not qualified to monitor their attorney's actions during representation.[7] Guthrie's suit is based on Porter's pleadings, which sought to hold her in contempt of court. There is

---

equal force to the liability of an attorney to the opposing *party*"); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 440-42 (Tex. App.--Houston [14th Dist.] 2000, pet. denied).

[4] *Bradt*, 892 S.W.2d at 72.

[5] *Id.* at 76-77.

[6] *Id.* at 76 (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)).

[7] *Id.* at 76-77.

3

no allegation or evidence that Buckley did anything more than hire an attorney to zealously represent him in enforcing a child custody order.[8]  Accordingly, Texas law will not allow a cause of action against Buckley arising out of Porter's representation.

AFFIRMED.

---

[8] Contrary to Guthrie's allegation, the district court's dismissal did not require it to resolve a disputed fact.  Guthrie attempted to hold Buckley liable based on the pleadings filed by Porter.  Without more, Porter's pleadings show only that Buckley entrusted his legal representation to her.