**Elene T. GUTHRIE, Plaintiff,**

v.

**Mark Roger BUCKLEY,
et al., Defendants.**

No. 4:02–CV–297.

United States District Court,
E.D. Texas,
Sherman Division.

Feb. 27, 2003.

Richard Lynn Ducote, New Orleans, LA, for Plaintiff.

Lewis L Isaacks, Gay McCall Isaacks Gordon & Roberts PC, Plano, TX, Diana L Porter, Attorney at Law, McKinney, TX, Defendants.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Defendants Mark Roger Buckley, Diana Porter, and Diana Porter, P.C. (collectively "Defendants") have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket Nos. 3 & 10). Having considered the parties' submissions, arguments at the motion hearing, and the applicable law, the Court is of the opinion that Defendants' Motion to Dismiss should be **GRANTED.**

### BACKGROUND

Plaintiff Elene T. Guthrie ("Guthrie") instituted this action seeking to recover compensatory and punitive damages against Defendants for their alleged malicious prosecution of Guthrie in the 380th Judicial District Court of Collin County, Texas, Case No. 380–51693–96 (hereinafter "underlying lawsuit"). In the underlying lawsuit, Diana Porter filed a Motion to Enforce Order in Suit to Establish Parentage on behalf of Mark Roger Buckley seeking compliance with the prior order along with 19 criminal contempt of court counts demanding incarceration. The court found that Guthrie had violated various provisions of its prior Order to Establish Parentage. However, Guthrie was not held in contempt nor incarcerated.

Plaintiff seeks to recover against Defendants on the theory of malicious prosecution based on Defendants' seeking to hold Guthrie in criminal contempt as one its requested reliefs in a motion in the underlying lawsuit. The Court concludes that

Plaintiff's claim is barred as a matter of law, because it arises out of conduct undertaken as part of the Defendant-attorney's duties in representing a party to a lawsuit to which Plaintiff was also a party.[1] Further, the Court finds that Mark Roger Buckley, as a client of Diana Porter, cannot be held liable for an attorney's allegedly wrongful conduct as a matter of law.

## DIANA PORTER AND DIANA PORTER, P.C.'s MOTION TO DISMISS

In *Bradt v. West*, 892 S.W.2d 56, 60, 65 (Tex.App.—Hous. [1st Dist.] 1994, writ denied), an attorney (Bradt) and his professional corporation sued opposing counsel for conduct that resulted in Bradt being held in contempt during the trial of the underlying lawsuit. The plaintiffs alleged, among others, malicious prosecution. *Id.* at 65. The attorney-defendants contended the plaintiffs had no right as a matter of law to recover for the attorney-defendant's conduct in the underlying lawsuit. The Court agreed and held:

> An attorney does not have a right of recovery, *under any cause of action*, against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party.

*Id.* at 71–72 (emphasis added).

The Court was concerned that the idea of allowing an attorney to be sued by another attorney in this context would have the chilling effect on a lawyer's duty to zealously represent a client. *Id.* at 72 (such a policy "would dilute the vigor with which

Texas attorneys represent their clients [and] would not be in the best interests of justice").

The Texas rule "focuses on the kind of conduct engaged in, not on whether the conduct was meritorious in the context of the underlying lawsuit." *Id.* Consequently, the dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit. *See id.* Even meritless conduct is not actionable when it comes "in the discharge of [the attorney's] duties in representing a party in a lawsuit." *Id.* at 74.[2]

Although *Bradt* addresses the liability of one attorney to an opposing attorney in the same lawsuit, the court in *Taco Bell Corp. v. Cracken*, 939 F.Supp. 528, 532 (N.D.Tex.1996), found that the reasoning in *Bradt* applied "with at least equal force to the liability of an attorney to the opposing *party.*" *Id.* The court reasoned that:

> The knowledge of an attorney for one party that he may be sued by the other party would exacerbate the risk of tentative representation to at least the same degree as would knowledge that opposing counsel could sue him. And it arguably could have a greater chilling effect, since a lawyer may reasonably think it more likely that a private party, rather than a fellow professional, would seek to retaliate in this manner.

*Id.* It went on to hold that Texas would apply the rationale of *Bradt* to bar claims by one party against the opposing party's attorney and, therefore, plaintiff could not recover from defendant. *Id.* Texas courts have also extended *Bradt* to suits by parties against opposing counsel. *See, e.g.,*

---

1. Although Defendants did not raise this issue in their written Motion to Dismiss, they did raise this issue at the motion hearing.

2. This is so because the law provides punishment for such conduct in the form of sanctions. *See* Tex.R. Civ. P. 13 (governing the filing of improper pleadings, motions, and "other papers").

*Chapman Children's Trust v. Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 440–42 (Tex.App.—Hous. [14th Dist.] 2000, pet. denied); *Renfroe v. Jones & Assoc.,* 947 S.W.2d 285, 287 (Tex.App.—Fort Worth 1997, writ denied).

■ Applying *Bradt* and *Taco Bell's* rationale to this case, the Court finds that Guthrie cannot sue Diana Porter or Diana Porter, P.C. because the conduct for which the attorney-defendant is being sued arose out her representation of Mark Roger Buckley; specifically, Diana Porter's request to hold Guthrie in criminal contempt. Accordingly, Defendant Diana Porter and Diana Porter, P.C.'s Motion to Dismiss is **GRANTED.**

### MARK ROGER BUCKLEY'S MOTION TO DISMISS

In *Bradt,* the Court held that a client cannot be liable for an attorney's allegedly wrongful conduct unless the client is implicated in some way other then merely being represented by the attorney. *Bradt,* 892 S.W.2d at 76. The Court reasoned that:

A contrary holding would in effect obligate clients to monitor the actions taken by their attorneys when their attorneys are representing them, and require the clients to seize the helm of their representation at the slightest hint of intentional wrongful conduct. Most clients cannot possibly monitor their attorneys to the degree that would be required to meet such an obligation, and most, clearly, are not qualified for such monitoring, anyway. Imposing such an obligation on clients would, unjustly, make plaintiffs reluctant to file suit, and defendants far too tentative about defending themselves vigorously. This would not only chill the willingness of Texas citizens to vindicate their legal rights, it would make them ultimately responsible for their own legal representation—the very

act for which they hire an attorney in the first place.

*Id.* at 76–77.

■ In the instant case, Plaintiff's pleadings do not implicate Mark Roger Buckley in any way other than being represented by counsel. It was Diana Porter who moved to have Guthrie held in contempt. Accordingly, Defendant Mark Roger Buckley's Motion to Dismiss is **GRANTED.**

### CONCLUSION

In sum, the Court finds that Defendants Diana Porter and Diana Porter, P.C.'s Motion to Dismiss (Docket No. 10) should be **GRANTED.** Further, the Court finds that Defendant Mark Roger Buckley's Motion to Dismiss (Docket No. 3) should be **GRANTED.** Accordingly, this case is **CLOSED.**

**IT IS SO ORDERED.**