**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 2003**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN BUTLER, as parent and next friend of Joshua Butler, a Minor; MARY BUTLER, as parent and next friend of Joshua Butler, a Minor,

     Plaintiffs-Appellees,

v.

RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION, local public governing body of the State of New Mexico; SUE CLEVELAND; GARY TRIPP; SALLY MARQUEZ, individuals; GERARD HYATT; GEORGE DOE, in their individual and official capacities,

     Defendants-Appellants,

CITY OF RIO RANCHO, a local public governing body of the State of New Mexico; RUSS APGAR, Officer, in his individual and official capacity,

     Defendant.

--------------------------------

NATIONAL SCHOOL BOARDS ASSOCIATION; NEW MEXICO SCHOOL BOARDS ASSOCIATION; COLORADO ASSOCIATION OF SCHOOL BOARDS; OKLAHOMA STATE SCHOOL BOARDS ASSOCIATION; UTAH SCHOOL BOARDS ASSOCIATION; WYOMING SCHOOL BOARDS ASSOCIATION,

     Amici Curiae.

No. 02-2199

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-01-466-M/WWD)**

Joan M. Waters, Albuquerque, New Mexico, for Plaintiffs-Appellees.

Charlotte H. Hetherington (Andrew M. Sanchez with her on the briefs) of Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP, Santa Fe, New Mexico, for Defendants-Appellants.

Julie K. Underwood and Thomas E.M. Hutton, National School Boards Association, Alexandria, Virginia, filed a brief on behalf of Amici Curiae.

Before **EBEL,** Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

**BRORBY**, Senior Circuit Judge.

Rio Rancho Public Schools Board of Education and certain school officials appeal a district court decision denying their motion to dismiss based on qualified immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

## I. Background

The following facts are alleged in the amended complaint. One day, Mr. Joshua Butler borrowed his brother's car and drove to his public high school. Mr.

Butler parked the car in the faculty parking lot without a permit. A school security guard noticed the vehicle did not have a permit and ran a registration check. The registration check revealed the vehicle belonged to Mr. Butler's brother.

During this time, the security guard "observed the butt end of a knife sticking up from between the passenger seat and the center console." He contacted Mr. Butler and had him open the vehicle. The security guard found a "sheathed hunting knife" in the vehicle. The security guard also found a handgun, ammunition, and drug paraphernalia. Mr. Butler denied knowing the items were in the car. The knife, gun, and ammunition belonged to Mr. Butler's brother.

Initially, the principal of the high school suspended Mr. Butler. After a disciplinary hearing, a hearing officer concluded Mr. Butler should be suspended for one year. Mr. Butler appealed the hearing officer's decision to the school board. After a hearing, the school board upheld the hearing officer's decision.

Mr. Butler's parents sued on his behalf the school board and various school officials, among others, (collectively the "School") in the United States District

Court for the District of New Mexico pursuant to 42 U.S.C. §§ 1983, 1985. In relevant part, the Butlers claimed the School violated Mr. Butler's substantive due process right "to a free public education." They also requested, and the district court granted, a preliminary injunction allowing Mr. Butler to attend school and "participate in the commencement exercises and graduation related social events." The School appealed the court's decision, but we dismissed it as moot because Mr. Butler had already "graduated from school and received his diploma." *Butler v. Rio Rancho Pub. Sch. Dist.*, 2002 WL 863141, at *1 (10th Cir. May 7, 2002).

The School subsequently filed a motion to dismiss the Butlers' complaint, arguing the complaint failed to state a claim and the School was entitled to qualified immunity. The district court granted the motion on several claims but denied it on the Butlers' substantive due process and supplemental state law claims. The School moved the district court to reconsider its ruling that the School was not entitled to qualified immunity on the Butlers' substantive due process claims. The district court denied the motion. The School appeals.

## II. Discussion

On appeal, the School argues the district court should have granted its motion to dismiss based on qualified immunity because it did not violate Mr.

Butler's substantive due process rights. In the alternative, the School argues Mr. Butler's substantive due process rights were not clearly established.[1]

We review the district court's denial of a motion to dismiss based on qualified immunity de novo. *See Currier v. Doran*, 242 F.3d 905, 911 (10th Cir.), *cert. denied*, 534 U.S. 1019 (2001); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). We accept all well-pleaded allegations of the complaint as true and consider them "in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *see also Currier*, 242 F.3d at 911. We will not dismiss a complaint "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Currier*, 242 F.3d at 917 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Since the School raised the defense of qualified immunity in its motion to dismiss, we first examine whether the Butlers asserted a violation of federal law in their complaint. *See Currier*, 242 F.3d at 917; *Tonkovich*, 159 F.3d at 516. In

---

[1] Both parties argue cases involving criminal statutes support their respective positions. We do not find either party's analogies to scienter in the criminal context helpful or persuasive in this case.

doing so, we also consider the decisions of the hearing officer and the school board, in addition to the Butlers' complaint, because the documents are "referred to in the complaint," they are "central" to the Butlers' claims, and "the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.), *cert. denied*, 123 S. Ct. 623 (2002). We determine the legal effect of these decisions by their own terms "rather than by [the] allegations in the complaint." *Id.*

If we conclude the Butlers properly alleged a violation of federal law, we next "determine whether the [law] was clearly established such that a reasonable person in the [School's] position would have known that his or her conduct violated [the law]." *Tonkovich*, 159 F.3d at 516. *See also Currier*, 242 F.3d at 923. If the Butlers failed to assert a violation of federal law, we need not pursue this second inquiry. *See Tonkovich*, 159 F.3d at 516 n.6.

The Butlers alleged in their complaint the School violated Mr. Butler's substantive due process right "to a free public education" by suspending him for one year "without finding that he knowingly/intentionally brought, carried or kept

a weapon or firearm on school grounds."[2]  The district court, without reviewing

the decisions of the hearing officer or the school board, concluded the Butlers

alleged a due process violation because "suspending a student for unknowingly

transporting a weapon onto the school campus does not rationally support the

legitimate state interest in maintaining school safety and discipline."

The Supreme Court has not clarified what type of interest triggers

substantive due process guarantees.[3]  The case law in this circuit is also unclear.

*See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111,

1119 (10th Cir. 1991) (citing cases).  Nevertheless, we see no need to decide

whether Mr. Butler has such an interest in this case because, even assuming his

interest in a public education triggers substantive due process guarantees, we

conclude the Butlers failed to state a substantive due process violation.

---

[2]  The Butlers also claimed the School was "deliberate[ly] indifferen[t]" to Mr. Butler's substantive due process right "to a free public education" for various reasons, but, given our conclusion below, these claims necessarily fail.

[3]  While the Supreme Court has made clear the right to a public education is not a fundamental right, *see, e.g., San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35, 37, 40 (1973), the Supreme Court has not decided whether a state created property right like the right to a public education triggers substantive due process guarantees, *see, e.g., Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 222-23 (1985); *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 91-92 (1978).

"The Due Process Clause not only provides a procedural safeguard against deprivations of life, liberty, and property but also protects substantive aspects of those interests from unconstitutional restrictions by government." *Harris v. Blake*, 798 F.2d 419, 424 (10th Cir. 1986). Absent certain factors not present here, we will uphold a school's decision to suspend a student in the face of a substantive due process challenge if the decision is not arbitrary, lacking a rational basis, or shocking to the conscience of federal judges.[4] *See Tonkovich*, 159 F.3d at 528; *Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1215 (10th Cir. 1998); *Abeyta v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1256 (10th Cir. 1996).

Contrary to the Butlers' allegations and the district court's decision, the School in this case did not suspend Mr. Butler for "unknowingly" bringing a knife onto school property. Although the hearing officer initially found only that Mr. Butler possessed weapons on school property in violation of school policy,[5] the

---

[4] Although we questioned in *Tonkovich* whether the "shock the conscience" standard applies to all due process violations, *see Tonkovich*, 159 F.3d at 528-29, we need not decide the issue in this case because we conclude the School's conduct does not violate the due process clause under any of the standards.

[5] Although the School's policy does not expressly require knowledge, the policy does state it is to be "interpreted to conform to provisions of applicable law," and the New Mexico statute pursuant to which the School enacted the policy requires knowledge. *See* N.M. Stat. Ann. § 22-5-4.7 (1995).

school board later concluded "[Mr.] Butler should have known, as the driver of the vehicle, that he was in possession of and transporting a weapon onto school grounds." This was because "the knife was in plain view and readily identifiable as a knife to persons standing outside the vehicle looking in." The board also concluded "[Mr.] Butler knew, or should have known that he was responsible for the vehicle he brought onto school property and the contents thereof."

As a result of the board's decision, we need not decide whether suspending a high school student for "unknowingly" bringing a weapon onto school property violates the student's substantive due process rights. *See Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000) (stating "suspending or expelling a student for weapons possession, even if the student did not knowingly possess any weapon, would not be rationally related to any legitimate state interest"). Instead, we need only decide whether a school's decision to suspend a student when he "should have known" he was bringing a weapon onto school property violates the student's substantive due process right, if any, to a public education. We conclude it does not.

There is no doubt the School has a legitimate interest in providing a safe environment for students and staff. It is not unreasonable for the School to

conclude that student possession of weapons on school property threatens this interest. In order to protect against this threat and further the School's interest in safety, we believe there is a rational basis for the School to suspend Mr. Butler, even for one year, when he should have known he brought a weapon onto school property. The School's decision was not arbitrary, nor does it shock the conscience. Accordingly, the decision did not violate Mr. Butler's substantive due process rights, if any. Since the Butlers failed to state a substantive due process violation, we conclude the School is entitled to qualified immunity on the Butlers' substantive due process claims.

## III. Conclusion

For the reasons discussed above, we **REVERSE** the district court's order denying the School's motion to dismiss the Butlers' substantive due process claims and **REMAND** to the district court. The Butlers' request for costs and attorney's fees is denied.