**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

DALE E. MCCORMICK,

       Plaintiff-Appellee,

  and

CURTIS A. KASTL, II,

       Plaintiff,

v.

CITY OF LAWRENCE, KANSAS;
VINCE CASAGRANDE;
GIL CROUSE; JAMES WHITE;
LEO SOUDERS; CHRIS MANN;
KEN FARRER; DAVID HARDER;
SHELLY WELCH; MIKE BYRN;
GERARD LITTLE; SUSAN HADL;
CHRISTINE TONKOVICH;
BRADLEY BURKE; SAM HARVEY;
SCOTT CHAMBERLAIN,

       Defendants,

  and

M. J. WILLOUGHBY,

       Defendant-Appellant.

No. 03-3127
(D.C. No. 02-CV-2135-JWL)
(D. Kan.)

DALE E. MCCORMICK,

    Plaintiff-Appellee,

and

CURTIS A. KASTL, II,

    Plaintiff,

v.

CITY OF LAWRENCE, KANSAS;
VINCE CASAGRANDE; GIL
CROUSE; JAMES WHITE; LEO
SOUDERS; CHRIS MANN; KEN
FARRER; M. J. WILLOUGHBY;
DAVID HARDER; SHELLY WELCH;
MIKE BYRN; GERARD LITTLE;
SUSAN HADL; CHRISTINE
TONKOVICH; SAM HARVEY,

    Defendants,

and

BRADLEY BURKE,

    Defendant-Appellant.

No. 03-3184
(D.C. No. 02-CV-2135-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff Dale E. McCormick, [1] proceeding pro se, identifies himself as "a full-time constitutional rights activist." Aplee. Brs., Nos. 03-3127 at 1; 03-3184 at 2. He commenced this action in district court pursuant to 42 U.S.C. § 1983 in which he alleged twenty-five claims against governmental officials of the City of Lawrence and the State of Kansas, as well as the City of Lawrence itself. Mr. McCormick filed a motion for summary judgment and defendants filed motions to dismiss. The court denied Mr. McCormick's motion and granted in part and denied in part defendants' motions to dismiss. These interlocutory appeals are brought by defendants M. J. Willoughby, an assistant attorney general for the State of Kansas, and Bradley Burke, a Douglas County Kansas district attorney, challenging the district court's denial of their motions to dismiss on the grounds of absolute and/or qualified immunity. We affirm.

_____

[1] The district court dismissed plaintiff, Curtis A. Kastl, II, July 10, 2003.

-3-

## INTRODUCTION

The facts in this case were thoroughly detailed by the district court and we need not repeat them here. See McCormick v. City of Lawrence, 253 F. Supp. 2d 1172, 1178-84 (D. Kan. 2003); McCormick v. City of Lawrence, 253 F. Supp. 2d 1156, 1158-61 (D. Kan. 2003). Although Ms. Willoughby and Mr. Burke are both defendants in the same district court action, the facts supporting Mr. McCormick's claims against them arise from different encounters. We will discuss only those facts pertinent to Ms. Willoughby's and Mr. Burke's appeals. We begin with an overview of the law governing these two appeals.

A.   Jurisdiction/Standard of review

We first examine whether we have jurisdiction over these interlocutory appeals. We conclude that we have jurisdiction to address whether Mr. McCormick's claims are barred by absolute or qualified immunity because the district court's denial of immunity turned on an issue of law, thus making the order "an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

We review the district court's denial of a motion to dismiss based on absolute or qualified immunity de novo. See Kamplain v. Curry County Bd. of Comm'rs, 159 F.3d 1248, 1250 (10th Cir. 1998) (absolute immunity); Butler v. Rio Rancho Pub. Sch. Bd. of Educ., 341 F.3d 1197, 1199 (10th Cir. 2003)

-4-

(qualified immunity). "Because the district court denied a Rule 12(b)(6) motion to dismiss, we confine our review to the allegations set forth in the complaint, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in [Mr. McCormick's] favor." Kamplain, 159 F.3d at 1250.

B.    Absolute Immunity

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Kalina v. Fletcher, 522 U.S. 118, 126 (1997) (quotation omitted). Absolute prosecutorial immunity extends no further than necessary to protect those activities. See Harlow v. Fitzgerald, 457 U.S. 800, 811 (1982). Therefore, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Kalina, 522 U.S. at 126 (quotation omitted); see also Harlow, 457 U.S. at 811 n.16 (prosecutor acting as an investigator has, at best, only qualified immunity).

C.    Qualified immunity

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" if the complained of behavior did not violate clearly established law. Mitchell, 472 U.S. at 526; Harlow, 457 U.S. at 818.

-5-

In examining a claim of qualified immunity, we first determine whether the plaintiff asserted a violation of federal law in his complaint.      See Butler , 341 F.3d at 1200.  If the plaintiff properly alleged a violation of federal law, we next "determine whether the [law] was clearly established such that a reasonable person in the [defendants'] position would have known that [their] conduct violated [the law]."    Id. (quotation omitted).

## APPEAL NO. 03-3127

### BACKGROUND

In his complaint, Mr. McCormick alleged that he consulted with Robert Coburn and his wife, Merrily, at Mr. Coburn's request.  The Coburns had contacted Mr. McCormick after learning that Mr. McCormick had partially prevailed in a lawsuit against governmental agents he believed had violated his rights.  Mr. McCormick met with the Coburns regarding a lawsuit Ms. Coburn was considering filing against federal agents she believed had wronged her. Mr. McCormick stated that he provided the Coburns "with copies of legal decisions to photocopy and citations of cases to look up, to answer questions . . ., and to discuss the history of the law . . . ."      McCormick , 253 F. Supp. 2d at 1183. He also acted as a process server after Ms. Coburn filed her action in federal district court.

-6-

Based on these admitted actions, Ms. Willoughby filed a complaint with the Consumer Protection Division (CPD) of the Office of the Kansas Attorney General, suggesting that the CPD investigate whether Mr. McCormick was practicing law without a license. The CPD began an investigation [2] and subpoenaed Ms. Coburn to answer questions regarding Mr. McCormick's interactions with her regarding her case. After her testimony, a member of the CPD allegedly warned Ms. Coburn that any further collaboration with Mr. McCormick regarding her lawsuit could result in serious repercussions. As a result, the Coburns ceased their association with Mr. McCormick.

Mr. McCormick then filed this suit in which he alleged that Ms. Willoughby had retaliated against him for his association with the Coburns, thus interfering with his constitutional right of free speech and association. He also alleged that Ms. Willoughby had falsely accused him of drafting and writing the documents Ms. Coburn filed and had conspired with two investigators with the CPD to subpoena Ms. Coburn to interview and threaten her.

Ms. Willoughby moved to dismiss the complaint against her claiming that "Mr. McCormick lacks standing to bring such claims against [her] or alternatively, [she is] entitled to either absolute or qualified prosecutorial

---

[2]     Further action by the CPD has been stayed pending resolution of this litigation. See Aplt. Br. at 26-27.

immunity." McCormick, 253 F. Supp. 2d at 1200. The district court granted the motion as to the conspiracy charge. The district court, however, denied absolute immunity to Ms. Willoughby, holding that her act of filing a complaint with the CPD was that of a complaining witness and was not encompassed within her role of a prosecutor. The court then denied Ms. Willoughby qualified immunity, stating that Mr. McCormick's allegations against her were "sufficient to support an injury in fact–deprivation of his First Amendment right of association and his right to be free from retaliation for exercising his First Amendment rights." Id. at 1200. The court held that these rights were clearly established and noted that Ms. Willoughby had not "seriously" argued that Mr. McCormick's allegations had not stated a claim or that Mr. McCormick's rights were not clearly established. Id. at 1202.

On appeal, Ms. Willoughby first argues that Mr. McCormick has no standing to bring his claims against her. She also maintains that she is entitled to absolute immunity for her actions, as the district court erred in holding that Mr. McCormick has a clearly established constitutional right to engage in activities constituting the unauthorized practice of law. She further argues that the district court's findings were not sufficiently specific to satisfy the standards set forth in Tonkovich v. Kansas Board of Regents, 159 F.3d 504 (10th Cir. 1998), and thus she was, at a minimum, entitled to qualified immunity.

## DISCUSSION [3]

A.    Standing

Ms. Willoughby , citing to <u>Doyle v. Oklahoma Bar Association</u>, 998 F.2d 1559 (10th Cir. 1993), contends Mr. McCormick lacks standing to pursue his claims against her because, as a    private person, he may not complain of the Attorney General's prosecutorial decision to inquire into an alleged unauthorized practice of law.  Ms. Willoughby's reliance on <u>Doyle</u> is misplaced.  In <u>Doyle</u>, this court held that a complaining witness lacked standing to sue the state Professional Responsibility Commission, after he became dissatisfied with the way the Commission handled a grievance he had filed against an attorney.  <u>See id.</u> at 1566 ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quotation omitted).  Here, Mr. McCormick is complaining about an investigation against himself which Ms. Willoughby allegedly initiated in retaliation for his prior successful suit.  Mr. McCormick did state sufficient facts to establish standing.     <u>See, e.g.</u> , <u>Lujan v. Defenders of Wildlife</u> , 504 U.S. 555, 560-61 (1992) (setting forth elements necessary to establish standing).

---

[3]    Discovery is stayed in district court pending the resolution of these appeals. <u>See</u> <u>McCormick v. City of Lawrence</u>  , 218 F.R.D. 687, 693 (D. Kan. 2003).

B.    Absolute immunity

The district court denied Ms. Willoughby absolute immunity holding that Ms. Willoughby was acting in the role of a complaining witness when she filed her complaint with the Consumer Protection Division of the Office of the Attorney General which led to the investigation of Mr. McCormick's involvement with the Coburns.   The issue before us is whether Ms. Willoughby's actions were taken in preparation for initiating judicial proceedings or were purely investigative functions.  We conclude that Ms. Willoughby's actions were purely investigative.  Ms. Willoughby investigated Mr. McCormick's association with the Coburns and determined that he might be giving them legal advice.  She then referred him to the CPD for investigation by that division.  These actions are not intimately associated with initiating a prosecution.    See Harlow , 457 U.S. at 811 n.16 (prosecutor acting as an investigator has, at best, only qualified immunity)     .

After Ms. Willoughby's referral, the matter is overseen by the CPD which conducts its own investigation and then decides whether further action is necessary.  Ms. Willoughby was acting as a complaining witness.  The district court properly denied Ms. Willoughby absolute immunity.

C.    Qualified immunity

After denying Ms. Willoughby absolute immunity, the district court examined whether Ms. Willoughby was entitled to qualified immunity.  The court

noted that Ms. Willoughby had "not seriously argue[d]" that Mr. McCormick's allegations failed to state a retaliation claim.     McCormick , 253 F. Supp. 2d at 1202.  Further, she had not specifically argued why the right to be free of retaliation was not clearly established.  The court also noted that Ms. Willoughby had not directly addressed Mr. McCormick's First Amendment association and free speech claims.  The court concluded that the law was clearly established that individuals have a right to associate for the purposes of obtaining general legal help on a lawsuit.  The court denied Ms. Willoughby qualified immunity concluding that, based on his allegations, Mr. McCormick had stated potentially viable claims against Ms. Willoughby.

On appeal, Ms. Willoughby argues the district court erred in holding that Mr. McCormick  has a clearly established constitutional right to engage in activities constituting the unauthorized practice of law.  She further argues that the district court's findings were not sufficiently specific to support the denial of qualified immunity.

As Mr. McCormick points out, the district court did not hold that he has a clearly established constitutional right to engage in the unauthorized practice of law.  Rather, the district court held that Mr. McCormick has a clearly established First Amendment right to free association and free speech     , see Owens v. Rush, 654 F.2d 1370, 1379 (10th Cir. 19 81), and to be free of retaliation.    See Peterson

v. Shanks , 149 F.3d 1140, 1144 (10th Cir. 1998) (even conduct by defendants which is otherwise constitutionally permissible can become impermissible when motivated by retaliatory reasons). Ms. Willoughby does not address these rights in her brief on appeal. Admittedly, limits may be placed on an individual's free association and free speech rights, such as he may not practice law without a license. See, e.g. , Lawline v. Am. Bar Ass'n , 956 F.2d 1378, 1386 (7th Cir. 1992) (abridgment of right to free speech is merely incidental effect of rules prohibiting lawyers from assisting non-lawyers in the unauthorized practice of law). Ms. Willoughby does not make this argument, however, and we do not address it here. Further, the right to be free of retaliation is clearly established.

Because Ms. Willoughby has failed to tailor her arguments to challenge those issues determined by the district court, with which she takes issue, we need not proceed further in our analysis of her claim to qualified immunity. See Dubbs v. Head Start, Inc. , 336 F.3d 1194, 1202 n.4 (10th Cir. 2003) (even issue raised before district court is waived if not adequately developed on appeal), cert. denied , 124 S. Ct. 1411 (2004); Adler v. Wal-Mart Stores, Inc. , 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").

## BACKGROUND

Mr. McCormick alleged that Mr. Burke violated his civil rights when he filed a criminal charge against him. He also alleged that Mr. Burke had conspired with others "to retaliate against Mr. McCormick for exercising his First Amendment rights." McCormick , 253 F. Supp. 2d at 1184, 1203. Mr. Burke accomplished this by using false information in an affidavit which formed the basis of a criminal charge of disorderly conduct Mr. Burke initiated against Mr. McCormick. Mr. McCormick further alleged that Mr. Burke "swore [the] complaint under oath." Id. at 1204 (quotation omitted).

Mr. Burke moved to dismiss the complaint against him claiming that he was entitled to absolute prosecutorial immunity or, in the alternative, to qualified immunity. The district court granted the motion as to the conspiracy charge. The district court denied Mr. Burke's motion for absolute and qualified immunity on the remaining charges, holding that Mr. McCormick had adequately alleged that Mr. Burke had "potentially played a role apart from acting as an advocate: he signed a criminal complaint under penalty of perjury." Id. at 1205. The court held that, because Mr. Burke "did not argue to the contrary," it would "assume without deciding" that Mr. Burke had "acted as a complaining witness in testifying to the truth of the statements contained within the criminal complaint."

-13-

Id. By acting in that role, the district court, citing to Kalina, 522 U.S. at 129, held that Mr. Burke was not entitled to the protections of absolute immunity.

Mr. McCormick also alleged that Mr. Burke had retaliated against him for exercising his First Amendment rights by subjecting him to prosecution without probable cause and through the use of a materially false affidavit and sworn criminal complaint. The court held that Mr. McCormick's allegations were sufficient to show that his constitutional rights were violated. Thus, the court also denied Mr. Burke qualified immunity. See McCormick, 253 F. Supp. 2d at 1206.

Mr. Burke filed a motion for reconsideration in which he argued that he was entitled to absolute immunity because he did not sign the affidavit in support of probable cause for filing the criminal complaint. In his reply to Mr. McCormick's response to that motion, Mr. Burke, for the first time, included a copy of the complaint which showed that he had signed only the complaint containing jurisdictional information and that a police officer alone had sworn the affidavit upon which the charges relied. The court denied relief as the argument arose too late. The court also reinstated three claims which it had earlier dismissed under Heck v. Humphrey, 512 U.S. 477 (1994), as the underlying charges had been dropped.

On appeal, Mr. Burke argues that the district court erred in denying him absolute immunity. He contends the court should have considered the complaint, which he did not submit to the court prior to his reply to Mr. McCormick's response to his motion for reconsideration because Mr. McCormick had stated that the complaint was attached to his complaint, it was attached to the complaint Mr. Burke received, and, thus, he concludes he was entitled to assume that Mr. McCormick had also attached it to the complaint he filed in district court. Mr. Burke also argues he is entitled to qualified immunity because the district court did not identify what behavior of his violated clearly established law.

## DISCUSSION

A.    Absolute immunity

In its order dismissing the case, the district court did not mention having reviewed the complaint allegedly submitted by Mr. McCormick to support his assertion that Mr. Burke had signed the complaint under oath. [4] In its order denying Mr. Burke's motion for reconsideration, the court, in addition to noting that it had not seen the complaint until Mr. Burke's reply, observed that

---

[4]    We note that the district court could have considered the complaint had it been attached to Mr. McCormick's complaint without having to convert defendants' motions to dismiss to ones for summary judgment. See Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001) (noting that, "in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint").

-15-

Mr. Burke had not addressed the controlling federal law until his reply brief, choosing instead to rely on state law cases.

> [W]e must give the district court appropriate deference on appeal. Moreover, [i]t is especially common for issues involving what can broadly be labeled "supervision of litigation" . . . to be given abuse-of-discretion review. The question presented here, that of determining whether the district court may consider evidence and issues raised by the party moving for summary judgment in a reply brief without allowing the opposing party to respond, fits best within this "supervision of litigation" framework. Consequently, we review the trial court's managing its docket and supervising the parties in this respect for an abuse of discretion only.

Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998) (citation and quotations omitted).

We cannot say that the district court abused its discretion in refusing to consider arguments and exhibits Mr. Burke did not submit until his reply brief to his motion for reconsideration. As the district court noted, Mr. Burke could have ensured that the district court had the copy of the complaint when he filed his motion to dismiss. [5]

B.    Qualified immunity

Mr. Burke also argues that he is entitled to qualified immunity on Mr. McCormick's claims because the district court did not    identify what behavior

---

[5]    We deny Mr. Burke's request for absolute immunity solely on the basis that the district court did not err in refusing to look at the complaint because it was not attached to his motion to dismiss. Of course, Mr. Burke may include the actual complaint in a future pleading for consideration by the district court.

of his violated clearly established law. He contends the district court erroneously accepted Mr. McCormick's conclusory statements.

The district court accepted that Mr. McCormick had stated constitutional violations, in part because Mr. Burke did not argue to the contrary in his motion to dismiss. See McCormick , 253 F. Supp. 2d at 1206. Further, the district court, while rejecting Mr. McCormick's conspiracy claims, accepted Mr. McCormick's claim that Mr. Burke had signed the criminal complaint. In his brief to this court, Mr. Burke does not adequately explore this argument, instead relying on his assertion that he did not make the allegedly false statements in the affidavit. "On appeal . . . parties must do more than offer vague and unexplained complaints of error. [P]erfunctory complaints [that] fail to frame and develop an issue [are not] sufficient to invoke appellate review." Femedeer v. Haun , 227 F.3d 1244, 1255 (10th Cir. 2000) (quotation omitted).

The district court did not err in denying Mr. Burke absolute and qualified immunity at this stage of the proceedings.

## CONCLUSION

We AFFIRM the judgment of the district court in appeal No. 03-3127 and No. 03-3184. Although both defendants might have prevailed on their motions to dismiss, their failure to properly frame the issues and Mr. Burke's

-17-

failure to include relevant evidence in his motion to dismiss, left both the district court and us unable to afford the relief these defendants seek.  We note that Ms. Willoughby's and Mr. Burke's motions to dismiss were denied based solely on the allegations presented by Mr. McCormick in his complaint.  Defendants are not foreclosed from asserting these issues again in a properly supported and briefed motion for summary judgment.

                                      Entered for the Court


                                      Monroe G. McKay
                                      Circuit Judge